IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

VANNY LOCH,

    **Petitioner,**

  v.                                      Case No. 2:05-cv-241
                                                JUDGE MARBLEY
**PATRICK HURLEY, Warden,**        MAGISTRATE JUDGE KEMP

    **Respondent.**

**OPINION AND ORDER**

On November 30, 2005, the Magistrate Judge issued a *Report and Recommendation* recommending that the instant petition for a writ of habeas corpus be dismissed. Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Petitioner objects to all of the Magistrate Judge's recommendations. Petitioner again raises all of the same arguments that were previously presented.

Petitioner objects to the Magistrate Judge's conclusion that claim three is procedurally defaulted. In claim three, petitioner asserts that he was denied the effective assistance of trial counsel and denied due process because his attorney failed to request a jury instruction under O.R.C. §4727.12(B). Petitioner argues that this claim was properly presented to the state courts in his application to reopen the appeal pursuant to Ohio Appellate Rule 26(B), because on December 3, 2003, when he filed his 26(B) application, such action was considered a part of the direct appeal process. *Objections,* at 2.

In *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000), the United States Court of Appeals for the Sixth Circuit held that Ohio's application to reopen the appeal pursuant to Appellate Rule 26(B) was

a part of the direct appeal process wherein the defendant is entitled to counsel. *Id.*, at 753. *White v. Schotten, supra,* however, has been overruled. *Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005)(overruling *White v. Schotten, supra,* and holding that Ohio's 26(B) application "creates a collateral post-conviction procedure, and is not part of the direct right of appeal.") The Court in *Lopez v. Wilson, supra,* noted:

> The Ohio courts have been unanimous in treating Rule 26(B) applications as part of collateral review, both before and after *White. See, e.g., State v. Creasey*, 2001 WL 1167121, at *1 (Ohio Ct.App. Aug. 29, 2001) (holding that, notwithstanding *White,* there is no constitutional right to assistance of counsel under Rule 26(B)); *State v. Marcum,* 2002 WL 42894, at *3 (Ohio Ct.App. Jan. 14, 2002) (same); *State v. Darrington*, 2000 WL 1655236, at * 2 (Ohio Ct.App. Oct. 27, 2000) (holding that, notwithstanding *White,* 26(B) applications are post-conviction proceedings); *State v. Bragg,* 2001 WL 1671424, at *1 (Ohio Ct.App. Nov. 26, 2001) (same); State v. Walker, 2001 WL 1167158, at *2 (Ohio Ct.App. Aug. 3, 2001) (same); *State v. Dozier*, 2002 WL 42964, at *2 (Ohio Ct.App. Jan. 3, 2002) (same); *State v. Collins*, 2002 WL 77117, at *1 (Ohio Ct.App. Jan. 22, 2002) (agreeing that there is no right to counsel in Rule 26(B) application to reopen appeals, notwithstanding *White* ). Although prior to *Morgan v. Eads*, 104 Ohio St.3d 142, 818 N.E.2d 1157 (2004), the Ohio Supreme Court had never directly addressed the issue, *see Collins*, 2002 WL 77117, at *1; *Marcum*, WL 42894, at *2 n. 1, it had characterized a Rule 26(B) application to reopen an appeal as a post-conviction proceeding, not part of a direct appeal. *See State v. Robinson,* 74 Ohio St.3d 1518, 660 N.E.2d 472 (1996) (unpublished order) (calling the Rule 26(B) process a "civil, post-conviction matter"); *State v. Lanham*, 74 Ohio St.3d 1453, 656 N.E.2d 948 (1995) (same); *State v. Cole*, 70 Ohio St.3d 1420, 637 N.E.2d 928 (1994) (unpublished order) (same). And, in Supreme Court Practice Rule II, Section 2(A)(4)(b), the Ohio Supreme Court indicated as such: "The provision for delayed appeal applies to appeals on the merits and does not apply to appeals involving postconviction relief, including appeals brought pursuant to ... App. R. 26(B)." Rule II, Sec. 2(A)(4)(b) of the Ohio Supreme Court's Rules of Practice. *See Bragg*, 2001 WL 1671424, at *1 (observing that the Supreme Court recognized Rule 26(B)'s status as a postconviction petition in Section 2(A)(4)(b)). In other words, "the Ohio Supreme Court has acknowledged by its practice rule" that Rule

> 26(B) is in the nature of a postconviction matter. *See Collins*, 2002 WL 77117, at *1 (citing *State v. Moore*, 93 Ohio St.3d 649, 758 N.E.2d 1130 (2001)).
>
> Indeed, the *Morgan* court noted that the Ohio courts of appeals have been "unanimously hostile" to *White's* characterization of the Rule 26(B) process, *id.*, (quoting *Lambert v. Warden*, Ross Correctional, No. 01-3422, 2003 WL 22071466, at *5 (6th Cir. Sept.2, 2003)), and inconsistent with the Ohio Supreme Court's recognition that Rule 26(B) represents a postconviction remedy. *Id.* (citing, *inter alia*, *State v. Robinson,* 74 Ohio St.3d 1518, 660 N.E.2d 472 (1996) (describing the Rule 26(B) process rule as a "civil, post-conviction matter"), and *State v. Boone,* 74 Ohio St.3d 1491, 658 N.E.2d 788 (1996) (same)) as well as the Supreme Court's own Rules of Practice, which refer to "appeals involving postconviction relief, including appeals brought pursuant to ... App. R. 26(B)." Id. (quoting S.Ct. Prac. R. II(2)(A)(4)(b)).

*Id.*, at 344 n.3.

Regardless, however, of whether petitioner filed his 26(B) application during the time that the rule of *White v. Schotten* was in effect, this Court still concludes that claim three was procedurally defaulted. In a motion filed under Ohio Appellate Rule 26(B), a defendant may only raise claims of ineffective assistance of appellate counsel. Neither *White* nor the Ohio courts have held that claims other than those alleging the ineffective assistance of appellate counsel may be properly brought in 26(B) proceedings. Thus, this claim was not properly raised in state court.

Petitioner also objects to the Magistrate Judge's conclusion that claim two is procedurally defaulted. In claim two, petitioner asserts that he was denied the effective assistance of trial and appellate counsel because his attorneys failed to protect his double jeopardy rights. Petitioner first presented such claim to the state courts in his July 6, 2004, successive application to reopen the appeal. *See Report and Recommendation*, at 2. Petitioner complains that the Magistrate Judge improperly recommended dismissal of such claim as procedurally defaulted since respondent did

3

not raise the issue of procedural default as to claim two, and procedural default is an affirmative defense. *Objections*, at 3. *See Trest v. Cain*, 522 U.S. 87, 89 (1997); *Grey v. Netherland*, 518 U.S. 152, 165 (1996). However, the Magistrate Judge only concluded that claim two was procedurally defaulted when petitioner raised such claim as cause for his procedural default of claim one. *Report and Recommendation*, at 21. *See Edwards v. Carpenter*, 529 U.S. 446, 451-52 (2000)(the ineffective assistance of counsel may not constitute cause where such claim, itself, has been procedurally defaulted.) Nonetheless, petitioner's claim is plainly without merit.

The state appellate court stated in its dismissal of petitioner's successive 26(B) application:

> [T]urning to the merits of appellant's application, this court finds that appellant fails to meet his burden of establishing a genuine issue as to appellate counsel's ineffectiveness. Appellant argues that appellate counsel should have cited as error the ineffectiveness of trial counsel in not requesting that the misdemeanor and fifth degree counts of receiving stolen property should be merged into the third degree count of receiving stolen property. R.C. 2941.25(A) provides that, where the same conduct by a defendant constitutes two or more allied offenses of similar import, the defendant may be convicted of only one offense. However, R.C. 2941.25(B) authorizes a trial court to convict and sentence a defendant on two or more offenses if the offenses: (1) are not allied offenses of similar import; (2) were committed separately; or (3) were committed with a separate animus for each offense. The evidence presented at trial established that appellant's pawnshop was a major fencing operation and that appellant committed enough separate offenses to justify the convictions. Furthermore, each transaction of receiving stolen property constitutes a separate offense. *See State v. Wilson* (1996), 113 Ohio App.3d 737. As such, appellant has not shown a colorable claim of ineffective assistance of appellate counsel and, for this additional reason, his application should be denied.

Exhibit U to Return of Writ; *see also Report and Recommendation*, at 8-15; Exhibit F to Return of Writ. The state appellate court's decision is entitled to a presumption of correctness. 28 U.S.C. §2254(d), (e). Petitioner simply has failed to establish that the state appellate court's conclusion that

4

his claim of ineffective assistance of counsel is without merit is contrary to or an unreasonable application of federal law. *See Williams v. Taylor*, 529 U.S. 362, 412-13 (2000).

The right to counsel guaranteed by the Sixth Amendment is the right to the effective assistance of counsel. *McMann v. Richardson,* 397 U.S. 759, 771 n.14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington,* 466 U.S. 668, 687 (1984); *see also Blackburn v. Foltz*, 828 F.2d 1177 (6th Cir. 1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Strickland,* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id*. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Id*. at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776 (1987). Counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey*,

5

469 U.S. 387, 396-97 (1985). "'[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986)(quoting *Jones v. Barnes*, 463 U.S. 745, 751-52.

The Double Jeopardy Clause of the Fifth Amendment, made applicable to the states through the Fourteenth Amendment, provides that no person shall "be subject for the same offence to be twice put in jeopardy of life or limb." U.S. Const. amend. V. The clause has been interpreted as protecting criminal defendants from successive prosecutions for the same offense after acquittal or conviction, as well as from multiple punishments for the same offense. *Brown v. Ohio*, 432 U.S. 161, 165 (1977). The traditional test for double jeopardy claims is the "same elements" test set forth in *Blockburger v. United States*, 284 U.S. 299, 304 (1932)(requiring the court to determine whether each charged offense "requires proof of an additional fact which the other does not"). The *Blockburger* test is designed to deal with the situation where closely connected conduct results in multiple charges under separate statutes. Under *Blockburger*, the critical question is whether the multiple charges in reality constitute the same offense. Thus, the *Blockburger* test focuses on whether the statutory elements of the two crimes charged are duplicative. If the elements of the two statutes are substantially the same, then double jeopardy is violated by charging the defendant under both.[1]

---

[1] In *Grady v. Corbin*, 499 U.S. 508, 519 (1990), which was decided after *Blockburger*, the United States Supreme Court held that the Double Jeopardy Clause also barred prosecution of multiple offenses where

> the government, to establish an essential element of an offense charged in that prosecution, will prove conduct that constitutes an offense for which the defendant has already been prosecuted.

For the reasons discussed by the state appellate court, this Court is not persuaded that the convictions at issue violate the Double Jeopardy Clause. Petitioner therefore has failed to establish the ineffective assistance of counsel under the test set forth in *Strickland*.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions of the *Report and Recommendation* objected to by petitioner. For the foregoing reasons and for the reasons discussed at length in the Magistrate Judge's *Report and Recommendation*, petitioner's objections are **OVERRULED**.

This action is hereby **DISMISSED**.

**IT IS SO ORDERED**.

                                                s/Algenon L. Marbley
                                                ALGENON L. MARBLEY
                                                United States District Judge

---

However, the Supreme Court overruled the "same conduct" rule of *Grady*, concluding that *Grady* was inconsistent with Supreme Court precedent and the common law understanding of double jeopardy. *United States v. Dixon*, 509 U.S. 688, 704 (1993).