IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **VANNY LOCH,** | CASE NO. 2:05-cv-241 |
| | **JUDGE MARBLEY** |
| **Petitioner,** | **MAGISTRATE JUDGE KEMP** |
| v. | |
| **PATRICK HURLEY, Warden,** | |
| **Respondent.** | |

## OPINION AND ORDER

On August 25, 2008, final judgment was entered dismissing petitioner's motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60(b). This matter is before the Court on petitioner's notice of appeal, request for a certificate of appealability, and request to proceed *in forma pauperis* on appeal. For the reasons that follow, petitioner's request for a certificate of appealability and his request to proceed *in forma pauperis* on appeal, Doc. Nos. 41, 45, are **DENIED.**

In his Rule 60(b) motion, petitioner contends that relief from judgment is warranted because, on March 14, 2006, this Court improperly dismissed his Double Jeopardy claims as procedurally defaulted. The Court denied petitioner's Rule 60(b) motion noting that it need not consider petitioner's contention since his claims ultimately were dismissed as plainly without merit.

Where the Court dismisses a claim on procedural grounds, a certificate of appealability should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional

right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Thus, there are two components to determining whether a certificate of appealability should issue when a claim is dismissed on procedural grounds: "one directed at the underlying constitutional claims and one directed at the district court's procedural holding." *Id.*, at 48. The court may first "resolve the issue whose answer is more apparent from the record and arguments." *Id*.

Petitioner has failed to establish that reasonable jurists would debate whether the Court was correct in its denial of his Rule 60(b) motion. *Slack v. McDaniel*, supra. Therefore, petitioner's request for a certificate of appealability, Doc. No. 45, is **DENIED.**

The Court must also address petitioner's request to proceed *in forma pauperis* on appeal. Pursuant to 28 U.S.C. §1915(a)(3), an appeal may not be taken *in forma pauperis* if the appeal is not taken in good faith. Federal Rule of Appellate Procedure 24 provides:

> A party who was permitted to proceed *in forma pauperis* in the district-court action, or who was determined to be financially unable to obtain an adequate defense in a criminal case, may proceed on appeal in forma pauperis without further authorization, unless:
>
> (A) the district court--before or after the notice of appeal is filed-- certifies that the appeal is not taken in good faith[.]

Fed. R. App. P. 24(a)(3)(A). In addressing this standard, another court has explained: .

> The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). An appeal is not taken in good faith if the issue presented is frivolous. *Id.* Accordingly, it would be inconsistent for a district

2

> court to determine that a complaint is too frivolous to be served, yet has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir.1983).

*Frazier v. Hesson,* 40 F.Supp.2d 957, 967 (W.D. Tenn. 1999). However,

> "[t]he standard governing the issuance of a certificate of appealability is more demanding than the standard for determining whether an appeal is in good faith." *U.S. v. Cahill-Masching*, 2002 WL 15701, * 3 (N.D.Ill. Jan. 4, 2002). "[T]o determine that an appeal is in good faith, a court need only find that a reasonable person could suppose that the appeal has some merit." *Walker v. O'Brien*, 216 F.3d 626, 631 (7th Cir.2000).

*Penny v. Booker*, No. 05-70147, 2006 WL 2008523 at *1 (E.D. Michigan, July 17, 2006).

The Court certifies pursuant to 28 U.S.C. §1915(a)(3) that the appeal is not in good faith. Therefore, petitioner's request to proceed *in forma pauperis* on appeal, Doc. No. 41, also is **DENIED**.

In sum, petitioner's request for a certificate of appealability and his request to proceed *in forma pauperis* on appeal, Doc. Nos. 41, 45, are **DENIED.**

**IT IS SO ORDERED.**

    s/Algenon L. Marbley
ALGENON L. MARBLEY
United States District Judge

3